UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HOMERO F. MERUELO,

     Plaintiff,

                             CASE NO. 09-CV-20937-HUCK

     vs.

                             Magistrate Judge O'Sullivan

GREAT LAKES REINSURANCE
(UK) PLC,

     Defendant.

_____/

**DEFENDANT'S COUNTERCLAIM FOR DECLARATORY JUDGMENT**

     COMES NOW the Defendant, GREAT LAKES REINSURANCE (UK) PLC, by and through its undersigned attorneys, and for its Counterclaim seeking this Court's Declaratory Judgment would respectfully state as follows:

**JURISDICTION AND VENUE**

     1.  This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 *et seq*, the federal declaratory judgment statute, in that a present controversy exists between the parties hereto in which the Defendant/Counter-Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

     2.  Venue lies within the Southern District of Florida, as this cause arises out of a policy of marine insurance delivered by Defendant/Counter-Plaintiff to the Assured named therein, the

1

Plaintiff/Counter-Defendant HOMERO F. MERUELO, alleged to have been a resident of 5101 Collins Avenue, Miami Beach, Florida 33140.

3.    Defendant/Counter-Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

4.    Upon information and belief, the Plaintiff/Counter-Defendant HOMERO F. MERUELO (hereinafter "MERUELO") is a United States citizen and a resident of the State of Florida.

<u>**FACTUAL ALLEGATIONS**</u>

5.    On or about June 10, 2004, Plaintiff/Counter-Defendant "MERUELO" submitted to the Defendant/Counter-Plaintiff, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Defendant/Counter-Plaintiff's procedure for considering whether to agree to provide insurance coverage.

6.    A true and correct copy of the said application form completed by and/or on behalf of the Plaintiff/Counter-Defendant and submitted to Defendant/Counter-Plaintiff by and on behalf of the Plaintiff/Counter-Defendant on or about June 10, 2004 is attached hereto as Exhibit "A."

2

7.   Defendant/Counter-Plaintiff agreed to issue a policy of marine insurance based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "A."

8.   Thereafter, Defendant/Counter-Plaintiff agreed to annually renew policies of marine insurance based upon the representations set forth in, and the material information disclosed in, the application form which is attached hereto as Exhibit "A."

9.   On or about September 8, 2008, Defendant/Counter-Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Plaintiff/Counter-Defendant "MERUELO" its Marine Insurance Policy No. 200/658/111518 affording Hull & Machinery coverage in the amount of $265,000.00 for the 2004 38 ft twin engine Donzi motor cruiser vessel which was owned by the said Plaintiff/Counter-Defendant.

10.   A true and correct copy of the Declarations Page and the policy language for Defendant/Counter-Plaintiff's Policy No. 200/658/111518 is attached hereto as Exhibit "B."

11.   Defendant/Counter-Plaintiff's Policy No. 200/658/111518 contains a provision which states:

> Warranties:   Warranted that when under way the vessel's maximum speed will not to exceed 50 mph.

3

12.   On or about November 9, 2008, while Defendant/Counter-Plaintiff's Policy No. 200/658/111518 was in full force and effect the 2004 38 ft twin engine Donzi motor cruiser insured under the terms of the said policy was alongside a pier located at the Fisher Island Club Marina located on Miami Beach, Florida. At the said time, date and place, in calm wind, sea and weather conditions, the vessel sank at the pier, following which the Plaintiff/Counter-Defendant has made claim with the Defendant/Counter-Plaintiff marine insurer.

13.   Upon receipt of the first notice of the November 9, 2008 incident described herein, Defendant/Counter-Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident. The said investigation established that no accident caused or contributed to the damage for which the Plaintiff/Counter-Defendant has made claim under the policy of marine insurance.

14.   The investigation further established that normal wear and tear, gradual deterioration, lack of maintenance, etc. either caused or contributed to the damage for which the Plaintiff/Counter-Defendant has made claim under the policy of marine insurance.

15.   The investigation further established that the vessel owned by the Plaintiff/Counter-Defendant and insured by the

4

Defendant/Counter-Plaintiff was in unseaworthy condition in breach of an express warranty set forth in the policy of marine insurance.

16.    The investigation further established that the vessel owned by the Plaintiff/Counter-Defendant and insured by the Defendant/Counter-Plaintiff was capable of a maximum speed in excess of 50 miles per hour in breach of an express warranty set forth in the policy of marine insurance.

17.    The investigation established that the Defendant failed to disclose the material fact that the 2004 38 ft twin engine Donzi motor cruiser insured under the terms of the said policy was capable of a maximum speed in excess of 50 miles per hour.

18.    Notwithstanding the facts established by Defendant/Counter-Plaintiff's said investigation, the Plaintiff/Counter-Defendant has made a claim against the Defendant/Counter-Plaintiff under the terms of Policy No. 200/658/111518 demanding payment of the full price for effecting extensive repairs to or the replacement of the vessel insured under the terms of the said policy.


## FIRST CAUSE OF ACTION

19.    Defendant/Counter-Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 5 through 18 as if set forth fully herein.

20. Defendant/Counter-Plaintiff's policy states, in pertinent part:

> 2.   INSURING AGREEMENT
>
> This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.
>
> 3.   Coverage A, Hull, Machinery, Equipment and Dinghy
>
> If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for **accidental physical loss** of, or damage to a scheduled vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

21. The damage sustained by the Plaintiff/Counter-Defendant's vessel on November 9, 2008, followed by its required repairs or declaration as a constructive total loss, does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Defendant/Counter-Plaintiff's policy of marine insurance.

22. Notwithstanding the lack of any coverage under Defendant/Counter-Plaintiff's policy of marine insurance, the

Plaintiff/Counter-Defendant has made demand upon Defendant/Counter-Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

23.  As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Defendant/Counter-Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. 200/658/111518.  Until such time as the Defendant/Counter-Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Defendant/Counter-Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

24.  As a result of the Plaintiff/Counter-Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

25.  Defendant/Counter-Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 5 through 18 as if set forth fully herein.

26.  Defendant/Counter-Plaintiff's policy states, in pertinent part:

### 2.    INSURING AGREEMENT

This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

### 3.   Coverage A, Hull, Machinery, Equipment and Dinghy

If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for accidental physical loss of, or damage to a scheduled vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provis- ions, conditions, ***warranties***, deductibles and exclusions.

27.  The Declarations Page for Defendant/Counter-Plaintiff's Policy No. 200/658/111518, attached hereto as Exhibit "B," states in pertinent part:

8

```
Warranties:     Warranted that when under way the
                vessel's maximum speed will not to
                exceed 50 mph.
```

28. At the time of the November 9, 2008 incident described herein, the 2004 38 ft twin engine Donzi motor cruiser which was owned by the Plaintiff/Counter-Defendant was capable of maximum speed while under way in excess of 50 mph, in breach of the express warranty set forth in the policy of marine insurance.

29. The Plaintiff/Counter-Defendant was therefore in direct violation of the said express warranty set forth in Defendant/Counter-Plaintiff's policy of marine insurance and therefore was in breach of the duties imposed upon the Defendant by the express terms of the Defendant/Counter-Plaintiff's policy.

30. Plaintiff/Counter-Defendant's breach of the express warranty set forth in the Defendant/Counter-Plaintiff's policy of marine insurance renders the said policy void *ab initio* and/or entitles the Defendant/Counter-Plaintiff to declare the said policy void.

31. Plaintiff/Counter-Defendant's breach of the warranty set forth in the Defendant/Counter-Plaintiff's policy of marine insurance permits the Defendant/Counter-Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of November 9, 2008.

32.  Notwithstanding the said breach of an express warranty and the lack of any coverage under Defendant/Counter-Plaintiff's policy of marine insurance, the Plaintiff/Counter-Defendant has made demand upon Defendant/Counter-Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

33.  As a result of the Plaintiff/Counter-Defendant's breach of an express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Defendant/Counter-Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. 200/658/111518.  Until such time as the Defendant/Counter-Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Defendant/Counter-Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

34.  As a result of the Plaintiff/Counter-Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of

10

valuable rights under the terms of the policies of marine insurance, and a _bona_ _fide_, actual and present dispute exists calling for this Court's Declaratory Judgment.

## THIRD CAUSE OF ACTION

35.  Defendant/Counter-Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 5 through 18 as if set forth fully herein.

36.  Defendant/Counter-Plaintiff's policy states, in pertinent part:

> 9.  General Conditions & Warranties
>
> ******
>
> b)   It is warranted that the scheduled
>      vessel is seaworthy at all times dur-
>      ing the duration of this insuring agree-
>      ment. Breach of this warranty will void
>      this insuring agreement form its incep-
>      tion.

37.  As stated herein the investigation conducted by the Defendant/Counter-Plaintiff established that the vessel owned by the Plaintiff/Counter-Defendant was in unseaworthy condition, therefore the Plaintiff/Counter-Defendant breached the express warranty set forth in Policy no. 200/658/111518.

38.  As the vessel was in unseaworthy condition contrary to the express warranty in the policy of marine insurance, the

Plaintiff/Counter-Defendant was in direct violation of the said express warranty set forth in Defendant/Counter-Plaintiff's policy of marine insurance and therefore was in breach of the duties imposed upon the Plaintiff/Counter-Defendant by the express terms of the Defendant/Counter-Plaintiff's policy.

39.   Plaintiff/Counter-Defendant's breach of the express warranty set forth in the Defendant/Counter-Plaintiff's policy of marine insurance renders the said policy void *ab initio* and/or entitles the Defendant/Counter-Plaintiff to declare the said policy void.

40.   The Plaintiff/Counter-Defendant's breach of the warranty set forth in the Defendant/Counter-Plaintiff's policy of marine insurance permits the Defendant/Counter-Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of November 9, 2008.

41.   Notwithstanding the said breach of an express warranty and the lack of any coverage under Defendant/Counter-Plaintiff's policy of marine insurance, the Plaintiff/Counter-Defendant has made demand upon Defendant/Counter-Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

42.  As a result of the Plaintiff/Counter-Defendant's breach of an express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Defendant/Counter-Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. 200/658/111518.  Until such time as the Defendant/Counter-Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Defendant/Counter-Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

43.  As a result of the Plaintiff/Counter-Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a _bona_ _fide_, actual and present dispute exists calling for this Court's Declaratory Judgment.

### FOURTH CAUSE OF ACTION

44.  Defendant/Counter-Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 5 through 18 as if set forth fully herein.

13

45.   Defendant/Counter-Plaintiff's policy states, in pertinent part:

<u>Exclusions to Coverage A</u>

Unless specifically agreed by us in writing and additional premium charged the following losses and or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

\*\*\*\*\*\*

b)   Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

46.  As stated herein, the investigation conducted by the Defendant/Counter-Plaintiff established that normal wear and tear, gradual deterioration, lack of maintenance, etc. either caused or contributed to the damage for which the Plaintiff/Counter-Defendant has made claim under the policy of marine insurance

47.  Notwithstanding the lack of any coverage under Defendant/Counter-Plaintiff's policy of marine insurance, the Plaintiff/Counter-Defendant has made demand upon Defendant/Counter-Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

14

48.  As a result of the Plaintiff/Counter-Defendant's breach of the policy and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Defendant/Counter-Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. 200/658/111518.  Until such time as the Defendant/Counter-Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Defendant/Counter-Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

49.  As a result of the Plaintiff/Counter-Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.


**FIFTH CAUSE OF ACTION**

50.  Defendant/Counter-Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 5 through 18 as if set forth fully herein.

15

51.   Defendant/Counter-Plaintiff's policy states, in pertinent part:

### 9.   General Conditions & Warranties

******

d)   This insuring agreement incorporates in full your application for insurance and it constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

******

n)   This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance or continuance of this insurance.

52.   The Plaintiff/Counter-Defendant breached the provisions of Defendant/Counter-Plaintiff's policy of marine insurance set forth above by misrepresenting or by failing to disclose facts which were material to Defendant/Counter-Plaintiff's decision to accept and/or to continue the risk of insuring the vessel.

53.   The Plaintiff/Counter-Defendant misrepresented and/or failed to disclose material facts as set forth above with respect to the correct maximum speed of the vessel insured under the policy of marine insurance.

16

54.  Had  the  Plaintiff/Counter-Defendant  disclosed  the material facts referenced herein, regarding the vessel's maximum speed, then the Defendant/Counter-Plaintiff would not have agreed to insure the vessel and/or would not have issued its Policy No. 200/658/111518 or would have charged a higher premium.

55.  The  Plaintiff/Counter-Defendant's  misrepresentations and/or failure to disclose material facts constitutes a breach of the duties imposed upon the Plaintiff/Counter-Defendant by the express terms of the policy and under the applicable principles of federal admiralty law.

56.  Plaintiff/Counter-Defendant's  breach  of  the  policy renders the said policy void *ab initio* and/or entitles the Defendant/Counter-Plaintiff to declare the said policy void.

57.  Plaintiff/Counter-Defendant's  breach  of  the Defendant/Counter-Plaintiff's policy of marine insurance permits the Defendant/Counter-Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of November 9, 2008.

58.  Notwithstanding the said breach of the policy and the lack of any coverage under Defendant/Counter-Plaintiff's policy of marine insurance, the Plaintiff/Counter-Defendant has made demand upon Defendant/Counter-Plaintiff for payment of an amount equal to the  full  amount  necessary  to  effect  repairs  to,  or  in  the

alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

59.  As a result of the Plaintiff/Counter-Defendant's breach of the policy and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Defendant/Counter-Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. 200/658/111518.   Until such time as the Defendant/Counter-Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Defendant/Counter-Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

60.  As a result of the Plaintiff/Counter-Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a _bona_ _fide_, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Defendant/Counter-Plaintiff demands judgment from the Court:

(A)  Declaring that the relationship of insurer and insured does not exist between Defendant/Counter-Plaintiff and Plaintiff/Counter-Defendant "MERUELO" as regards the incident of November, 2008 in which the insured vessel sustained damage;

(B)  Declaring that Defendant/Counter-Plaintiff's Policy No. 200/658/111518 does not afford coverage to the Plaintiff/Counter-Defendant "MERUELO" for the incident of November 9, 2008 in which the insured vessel sustained damage;

(C)  Declaring that Defendant/Counter-Plaintiff's Policy No. 200/658/111518 excludes coverage for the incident of November 9, 2008 in which the insured vessel sustained damage;

(D)  Declaring that neither the incident of nor the damage resulting from the incident of November 9, 2008 constitute an accidental physical loss.

(E)  Declaring that the Plaintiff/Counter-Defendant's breach of the policy's express warranty of seaworthiness as described herein  voids  the  Defendant/Counter-Plaintiff's  Policy  No.

19

200/658/111518 *ab initio* and relieves the Defendant/Counter-Plaintiff from any and all liability to the said Plaintiff/Counter-Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(F) Declaring that the Plaintiff/Counter-Defendant's breach of the policy's maximum speed warranty as described herein voids the Defendant/Counter-Plaintiff's Policy No. 200/658/111518 *ab initio* and relieves the Defendant/Counter-Plaintiff from any and all liability to the said Plaintiff/Counter-Defendant under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(G) Declaring that the misrepresentation of an/or failure to disclose material facts by and/or on behalf of the Plaintiff/Counter-Defendant as described herein voids the coverage afforded under Defendant/Counter-Plaintiff's Policy No. 200/658/111518, and allow the Defendant/Counter-Plaintiff to rescind the said policy.

(G). Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:       April 10, 2009
             Fort Lauderdale, Florida

                         GOLDMAN & HELLMAN
                         Attorneys for Defendant/Counter-
                         Plaintiff
                         800 S.E. 3rd Avenue
                         4th Floor
                         Fort Lauderdale, Florida 33316
                         (954)356-0460



                         By:   /s/ Steven E. Goldman
                               STEVEN E. GOLDMAN, ESQ.
                               FLA. BAR NO. 345210

21

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on this 10th day of April, 2009 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to each of the following counsel for the Plaintiff/Counter-Defendant: In addition, a copy was sent via first class United States mail to:

Hugo V. Alvarez, Esq.,
2701 S. Bayshore Drive
Suite 305
Miami, Florida 33131

                      GOLDMAN & HELLMAN
                      Attorneys for Defendant/Counter-Plaintiff
                      800 S.E. 3rd Avenue
                      4th Floor
                      Fort Lauderdale, Florida 33316
                      (954)356-0460

                      By:    /s/ Steven E. Goldman
                            STEVEN E. GOLDMAN, ESQ.
                            FLA. BAR NO. 345210